Magistrate Judge J. Richard Creatura

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA HARROD,<br><br>Defendant. | NO. CR21-5253BHS<br><br>GOVERNMENT MEMORANDUM SUPPORTING DETENTION |

The United States of America, by Tessa M. Gorman, Acting United States Attorney, and Kristine L. Foerster, Assistant United States Attorney for the Western District of Washington, file this Government Memorandum in Support of Detention.

I. <u>Introduction</u>

On July 22, 2021, the defendant had an initial appearance after being indicted on five counts of Aggravated Sexual Abuse of a Child under the Age of 12 in violation of 18 U.S.C. §§ 2241(c), 246(2)(A)-(C), and 7. The Government and defense both provided argument to the Court regarding detention. The Court requested additional information related to the obstruction arguments put forth by the Government. This brief addresses the obstruction arguments as well as the analysis under 18 U.S.C. § 3141.

//
//

GOVERNMENT MEMORANDUM SUPPORTING DETENTION / Harrod- 1
CR21-5253BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

II. Factual Background

This investigation arose after Minor Victim (hereinafter, MV) reported to her counselor that the defendant had sexually abused her while he lived in a trailer on JBLM property. MV participated in forensic interviews on November 6, 2020 and March 16, 2021 where she described acts of physical and sexual abuse that occurred on Joint Base Lewis-McChord while the defendant was still on active duty in the United States Air Force. MV was between the ages of seven and eight at the time of the abuse.

MV was extremely detailed, and at times emotional, as she described multiple incidents of abuse. MV disclosed that the defendant would often insist that she lay down and sleep/cuddle with him in his trailer when she and her sister were staying with him. While lying on the bed, the defendant would inch his way over towards MV until his penis touched her back, stomach, or vagina. He also asked her to cuddle while he laid on his back, which resulted in her lying on top of him, stomach to stomach. She described his penis as getting hard and said "it was like lying on a rock."

She described one incident where they were lying down on the bed facing each other where he asked her to hold his penis. When she complied, she observed his penis was "sweating" and the bed got wet. During another incident, she described that the defendant put his penis inside of her[1], his body twitched, and then his penis tensed up. She said that the defendant's hands were grabbing her butt at the time and she felt what she called "the wet" at the end. MV described another time that the defendant used his penis to go in circular motions around her vagina where she felt "the wet" afterwards. MV also described occasions when she was facing away from the defendant where he would put his penis in between her buttocks. She described his penis getting stiff and then soft and recalled him moving his body back and forth before she felt the "wet" running down her leg.

---

[1] She described his penis going inside of her vulva, not in the vaginal canal, by demonstrating with her hands. The words vulva and vaginal canal are the Government's summary of that description, and not the words used by the child.

GOVERNMENT MEMORANDUM SUPPORTING DETENTION / Harrod- 2
CR21-5253BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

MV described that the defendant covered his penis with an "elastic" before he penetrated her anus and described him penetrating her anus and vagina with his tongue on multiple occasions.  MV described another instance were his penis "sweated" clear liquid after he made her lick his penis. She reported that the liquid went into her mouth.

MV described that the defendant also abused her when she showered in the communal shower area located near his trailer.  MV said that he would say that he forgot to wash himself and asked if she could help.  She noticed that while she washed him, his penis became erect.  Once she finished washing him, he would take the bar of soap, lather his hands up, and then wash her body.  MV reported that he penetrated her vagina with his fingers which she said was very uncomfortable and would cause irritation to her vaginal area. While inside, his fingers would move back and forth causing her vagina to throb but also feel good.  MV stated that this began approximately one month after she began visiting the defendant at his trailer without supervision.

MV reported that the defendant threatened that there would be consequences if she told anyone about what was occurring, and he threatened to kill her mother if anyone found out.  MV also reported that on at least one occasion when she did not want to go along with the abuse, he hit her on her arms causing bruising that she had to hide under long sleeved shirts.

On May 28, 2021 the defendant sent an email to his family law attorney with a screenshot of a text message that he said MV's mother sent him. The message said:

> "I don't know why you keep fighting me I'll have (MV)[2] say what ever it takes for you to never be able to see the girls ever again."

His attorney then forwarded the message to the guardian ad litem in the family law case.

MV's mother denied sending the message and brought it to the attention of the FBI.  She voluntarily provided her phone to be forensically imaged and the message was not found on her phone. On June 17th, the defendant met with FBI agents to discuss the

---

[2] The victim's name has been redacted for privacy.

GOVERNMENT MEMORANDUM SUPPORTING DETENTION / Harrod- 3
CR21-5253BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

text message. He was told prior to the meeting that agents would like to view the message on his personal cell phone. Upon arriving and after waiving his right to counsel, the defendant told the agents that he had he thrown his phone and broken it the night before. He also said that he had thrown the phone away at Lakewood Recruiting Station. He provided the agents with a physical printed copy of the text message, along with a copy of what appeared to be his monthly phone bill. On the bill it reflected that on May 28, 2021, at 1:11 PM he received a text message from MV's mother's telephone number. This is the same date and time that the message described above appeared to have been received on his cell phone.

A search warrant was then executed on the defendant's vehicle, where Task Force Officers found his personal cell phone. It was not broken like the defendant told the FBI, and clearly had not been throw away as he reported. Analysis of that phone revealed that the text message was actually sent from the defendant's work cell phone instead of from MV's mother's phone as he reported.

The defendant was also found to have made false statements to his employer, the United States Army, in May of this year in an unrelated investigation. Redacted relevant findings from that investigation are attached as Exhibit A.

### III. Issue

Is the defendant a flight risk or danger to the community under the factors enumerated in the Bail Reform Act, 18 U.S.C. § 3141, *et seq*.

### IV. Discussion

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community, this Court must consider the nature and circumstances of the offense charged, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger posed by the defendant if released. 18 U.S.C. § 3142(g).

GOVERNMENT MEMORANDUM SUPPORTING DETENTION / Harrod- 4
CR21-5253BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

### A. The Nature and Circumstances of the Offense

The nature and circumstances of this offense support detention. There is a presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community, based on the nature of the charges. 18 U.S.C. § 3142(e)(3)(A). Here the presumption is not only supported by the general nature of the charges, but also the specific facts of the case and the potential penalty that the defendant is facing.

In looking at the risk to the community, the defendant's alleged conduct is highly probative. Here, the defendant subjected a seven/eight year old child to ongoing sexual abuse that included vaginal, anal, digital, and oral penetration. He not only repeatedly raped the victim, but also tried to keep her silence through threats and, on at least one occasion, through violence. The threats made to the victim are highly relevant to the risk that the defendant poses to the community, especially when considered in conjunction with the evidence that he has demonstrated a willingness to go to great lengths to avoid punishment for his conduct.

The severity of the potential punishment in this case supports detention as well. The nature and circumstances of this offense include the threat of prison time with a thirty-year mandatory minimum upon conviction of any one count alone. This is a significant sentence that gives the defendant an incentive to flee or continue to try to obstruct the legal process.

### B. The Weight of the Evidence

The Court is required to ascribe the least weight to the strength of the evidence, among the four factors, when considering whether to release a defendant.[3] *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). The weight of the evidence

---

[3] The underlying facts of the case are relevant to the nature and circumstances of the offense, the weight of the evidence, and the nature and seriousness of the danger posed by the defendant. As the Court noted at the previous hearing, the weight of the evidence is the least important factor; however the facts of this case are highly probative and weigh heavily in favor of detention under the nature of the offense and danger posed by the defendant.

GOVERNMENT MEMORANDUM SUPPORTING DETENTION / Harrod- 5
CR21-5253BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

nonetheless favors detention due to the detailed and credible disclosure by the victim and the defendant's subsequent behavior indicating a consciousness of guilt.

### C. The History and Characteristics of the Defendant

Though the defendant does not have criminal history and does appear to have ties to the community, the characteristics that the defendant has exhibited in this and other investigations weigh in favor of detention. The defendant has a demonstrable pattern of obstruction and dishonesty in investigations into his conduct. He obstructed justice in this case by lying to the FBI and presenting agents with fabricated evidence. This is especially bold behavior from a former law enforcement officer and suggests that he is willing to go to great lengths to avoid being held accountable. The defendant was also found to have recently provided a false sworn statement to the United States Army in violation of Washington Code of Military Justice, RCW 38.38.744, Article 107, in a separate investigation.

The defendant's history of obstructing and making false statements in investigations is a significant factor in favor of detention because any set of conditions will rely heavily on the defendant's compliance. Similar to a history of noncompliance with Court orders, the defendant's behavior casts significant doubt on whether the Court can trust him to comply with conditions. If the Court cannot trust the defendant to be truthful about his supervision and compliance with conditions, no set of conditions will be sufficient to keep the community safe.

### D. The Nature and Seriousness of the Danger Posed by the Defendant

The defendant is alleged to have raped a young child repeatedly over a period of months. This abuse included threats and violence. The threat to the community involves a significant threat to other children as well as to the specific witnesses in this case, should the defendant follow through on his threats. The defendant has exhibited a willingness to go to great lengths to avoid facing these charges, which is particularly concerning given his background as a law enforcement officer. This factor weighs heavily in favor of detention.

GOVERNMENT MEMORANDUM SUPPORTING DETENTION / Harrod- 6
CR21-5253BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

## V. Conclusion

The Section 3142 factors justify detention in this case. Where there is a presumption of detention, the burden is on the defendant to show the Court that he is not a flight risk or risk to the community. The defendant's lack of criminal history and ties to the community are not sufficient to overcome the presumption in this case given the nature and circumstances of the offense, the nature and seriousness of the risk to the community, and the defendant's demonstrated pattern of deception to authorities.

For these reasons, the defendant must be detained for the protection of the community and the United States respectfully requests the Court continue to detain the defendant pending resolution of these charges.

DATED this 26th day of July, 2021.

Respectfully submitted,

Tessa M. Gorman
Acting United States Attorney

*s/ Kristine L. Foerster*
Kristine L. Foerster
Assistant United States Attorney
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, Washington 98402

GOVERNMENT MEMORANDUM SUPPORTING DETENTION / Harrod- 7
CR21-5253BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800