HON. J. RICHARD CREATURA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSHUA CARL HARROD,<br><br>    Defendant. | No. CR21-5253BHS<br><br>DEFENSE MEMORANDUM IN SUPPORT OF RELEASE |

"[U]nder the Bail Reform Act of 1984, as amended, Congress has determined that any person charged with an offense under the federal criminal laws shall be released pending trial, subject to appropriate conditions. . . ." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). In passing the BRA, Congress intended that detainees would constitute only "a small but identifiable group of particularly dangerous defendants as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons" S. Rep. No. 225, 98th Cong., 1st Sess. 6-7 (1983), *reprinted in* 1984 U.S. Code Cong. & Ad. News 3182, 3189. Accordingly, "[o]nly in rare cases should release be denied, and doubts regarding the propriety of release are to be resolved in favor of the defendant." *Santos-Flores*, at 1090 (citing *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985)).

DEFENSE MEMO IN SUPPORT OF RELEASE
(*United States v. Harrod*, CR21-5253BHS) - 1

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

To detain an individual under the BRA, "The Government must first of all demonstrate probable cause to believe that the charged crime has been committed by the arrestee, but that is not enough. In a full-blown adversary hearing, the Government must convince a neutral decisionmaker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person." *United States v. Salerno*, 481 U.S. 739, 750 (1987).[1]

For cases such as here, there is a rebuttable presumption of detention. 18 U.S.C. §§ 3142(e)(3)(E). A defendant, however, defendant bears only a burden of production to rebut that presumption: the Government bears the ultimate burden of persuasion. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Once the presumption is rebutted, the Court must impose "the least restrictive" condition, or set of conditions, that will create such an assurance. 18 U.S.C. §§ 3142(c)(1)(B).

In this case, Mr. Harrod has already satisfied his burden of production by participating in an interview with pretrial services, which resulted in a recommendation that Mr. Harrod be released on conditions. To detain Mr. Harrod then, the government must prove, by a preponderance of the evidence, that Mr. Harrod poses a flight risk that is unmanageable by any condition or combination of conditions, *Motamedi*, 767 F.2d at 1407, or that Mr. Harrod presents an unmanageable danger by clear and convincing evidence, 18 U.S.C. § 3142(f). As noted in n. 1, the government has not seriously alleged a risk of flight in this case. Because of this, the analysis here focuses on the alleged unmanageable danger.

---

[1] Generally, there are two factors for consideration under the BRA: risk of flight and risk of danger. The Government bears the burden of showing that a defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); 18 U.S.C. § 3142(f). The government has not alleged a risk of flight in this case, nor could it, given Mr. Harrod's strong community ties and steady employment.

DEFENSE MEMO IN SUPPORT OF RELEASE
(*United States v. Harrod*, CR21-5253BHS) - 2

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Proving danger to the community by clear and convincing evidence is no small task:

> "Clear and convincing evidence requires greater proof than preponderance of the evidence. To meet this higher standard, a party must present sufficient evidence to produce 'in the ultimate factfinder an abiding conviction that [the asserted factual contentions are] highly probable.'" *Sophanthavong v. Palmateer*, 378 F.3d 859, 866–67 (9th Cir. 2004) (quoting *Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)).

*OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1020 (9th Cir. 2018) (brackets in *OTR Wheel Eng'g*).

Importantly, release conditions need only provide reasonable assurances, as opposed to guarantees, of community safety. *Hir*, 517 F.3d at 1092 n.9. Because "doubts regarding the propriety of release be resolved in favor of the defendant, the court is to rule against detention in close cases." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Calif. June 18, 1992) (citing *Motamedi*, 767 F.2d at 1405-06).

The government cannot meet its burden here. As noted in the Pretrial Services Report, Mr. Harrod has a good job, strong community support, and no criminal history. Recognizing this, the government has essentially argued that the allegations it has leveled at Mr. Harrod justify his detention.[2] But as the Supreme Court explained in *Salerno*,

---

[2] A detention hearing was held on Thursday, July 22, 2021. During that hearing, the government proffered a variety of statements. Counsel requested the prior statements relied upon by the government, consistent with Fed. R. Crim. P. 26.2(g)(4) and Rule 46(j). Statements that fall under that rule include written statements that a witness adopts or approves. Rule 26.2(f). *See also United States v. Begaye*, 236 F.R.D. 448, 452 (D. Ariz. 2006) ("[A] report is a Jencks statement even if the testifying witness did not author the report, if the testifying witness participated in the investigative activity specified in the report and concurs in the report's accuracy."); *United States v. Valdez-Guterriez*, 249 F.R.D. 368 (D.N.M. 2007) (applying Tenth Circuit case law to conclude that Rule 26.2 requires a witness disclose the statements of another when the witness "either had some part in making the statement or report or … participated in conducting the underlying investigation and later approved the accuracy of the contents of the statement or report of the investigation"); *United States v. Wicktor*, 403 F. Supp. 2d 964, 967 (D. Ariz. 2005) (finding that the review and reliance of a detective on investigative reports made by others

DEFENSE MEMO IN SUPPORT OF RELEASE
(*United States v. Harrod*, CR21-5253BHS) - 3

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

probable cause of a serious crime is not an independent basis for detention under the BRA—if it were, nearly all defendants would be detained, since almost all federal charges are serious. Moreover, in this case, the allegations are temporally distant, terminating in 2018. Dkt. 1. Mr. Harrod denies these allegations in the strongest possible terms, but the fact that there is no recent allegation shows that there is no current unmanageable risk that would justify withholding release. Indeed, the government has essentially conceded this point, since it interviewed the alleged victim about these allegations more than seven months ago[3] and interviewed Mr. Harrod more than one month ago,[4] yet waited to arrest him until July 22, 2021.

After 4 p.m. on Monday, July 26, 2021, the government filed a brief in support of detention. Dkt. 12. This document misstates the burden of proof, as it fails to recognize that the government ultimately bears the burden of persuasion in this case. *Compare* Dkt. 12 at 7 ("the burden is on the defendant to show the Court that he is not a flight risk or risk to the community") *with Hir*, 517 F.3d at 1086 (despite presumption, government bears burden of persuasion when defense satisfies burden of production). For this reason alone, the government's briefing provides little assistance to the question at hand.

As it did at the detention hearing of Thursday, July 22, 2021, see n. 2, *supra*, the government again primarily relies on the nature of the allegations as its rationale for detention, providing graphic, emotionally charged descriptions of the alleged abuse,

---

constituted an adoption of those reports and subjected them to disclosure under Rule 26.2).

[3] Discovery received on July 26, 2021 indicates that the FBI's Child and Adolescent Forensic interviewer conducted interviews of the alleged victim on November 6, 2020 and March 16, 2020. Bates 0062.

[4] Discovery indicates that FBI Agents interviewed Mr. Harrod on June 17, 2021. Bates 0001. As of the evening of July 26, 2021), defense counsel has not been provided an audio copy of this interview.

DEFENSE MEMO IN SUPPORT OF RELEASE
(*United States v. Harrod*, CR21-5253BHS) - 4

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

while dropping a footnote that acknowledges the evidentiary arguments it makes are the least important considerations for the Court. *Id*. at 2-3, 5-7, 5 at n. 3. In so doing, the government falls into the pitfall identified in *Salerno*: essentially relying on the existence of a probable cause finding alone as its basis for detention. This is insufficient to find proof of on-going danger by any measure, let alone the heavy burden of clear and convincing evidence that the government is obligated to provide. *See Salerno*, 481 U.S. at 750.

The government's brief does nothing to rebut the conclusion of Pretrial services that Mr. Harrod can be safely released. The government comments neither on the dated nature of the abuse allegations nor the fact that it waited for months to interview Mr. Harrod after interviewing the alleged victim. Instead, it posits that Mr. Harrod attempted to mislead investigators in this case and in an unrelated arena, see dkt. 12-1 at 4-5 (concluding that an offending photo was an isolated incident and likely accidentally sent). Based on these two contentions, the government seeks to detain Mr. Harrod. The government thus invites the Court to ignore all the factors that weigh in favor of release and to weigh the two issues so heavily as to require detention. That attempt should fail because neither of these two issues (even if accepted at face value) suggest an unmanageable risk of flight or danger. The single alleged instance of misconduct related to this case took place before he was charged and appointed Federal Public Defender representation. The very existence of his current representation substantially reduces the possibility that any further allegations of obstruction could ever be leveled against Mr. Harrod. The isolated issue related to the photograph is far off-point, and he has not yet been afforded the opportunity to defend that accusation in any event. Dkt. 12-1 at 3.

The truth of the matter is that the parents of the alleged victim in this case are involved in an ongoing, extremely contentious child custody battle. A guardian ad litem has been appointed to look after the best interests of the child. Mr. Harrod has had no

DEFENSE MEMO IN SUPPORT OF RELEASE
(*United States v. Harrod*, CR21-5253BHS) - 5

**FEDERAL PUBLIC DEFENDER**
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

recent contact with the alleged victim and will abide by all conditions of release. He can be safely released. Attached as Exhibit A are letters of support that buttress this point. The Court should order his release on the conditions outlined by Pretrial Services.

DATED this 26th day of July, 2021.

                                                Respectfully submitted,

                                                */s John R. Carpenter*
                                                John R. Carpenter
                                                Assistant Federal Public Defender
                                                Attorney for Joshua Harrod

DEFENSE MEMO IN SUPPORT OF RELEASE
(*United States v. Harrod*, CR21-5253BHS) - 6

**FEDERAL PUBLIC DEFENDER**
**1331 Broadway, Suite 400**
**Tacoma, WA 98402**
**(253) 593-6710**