UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JOSHUA CARL HARROD,<br><br>　　　　　　　Defendant. | CASE NO. CR21-5253 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 26, and Defendant's objections to the R&R, Dkt. 34.

## I.　BACKGROUND

Defendant Joshua Carl Harrod was indicted on five counts of Aggravated Sexual Abuse of a Child in violation of 18 U.S.C. §§ 2241(c), 2246(2)(A)–(C), and 7 on July 14, 2021. Dkt. 1. He was arrested and arraigned on July 22, and the Government moved for a detention order. Dkts. 5, 7, 8. On July 27, after briefing from both parties and a detention hearing, Judge Creatura ordered Harrod detained pending trial. Dkts. 15, 16. Harrod's trial is currently set for March 1, 2022. Dkt. 19.

ORDER - 1

In November, Harrod moved for review of his detention order, arguing that he is not a danger to the community, that there is no evidence he is a risk to children, and that given his strong community and family ties and his incentives to "toe the line," he is likely to comply with all court orders. Dkt. 23. The Government opposed Harrod's motion, arguing that Harrod poses a threat to the community and that no conditions of release could reasonably assure the safety of the community. Dkt. 24.

The Government also raised two incidents in May 2021 that they believe point to Harrod's untrustworthiness. *Id.* First, the Government alleges that Harrod manufactured a text message purportedly from the minor victim's mother that stated, "I don't know why you keep fighting me I'll have (MV) say what ever it takes for you to never be able to see the girls ever again." *Id.* at 3. Second, the Government points to the fact that an unsolicited, explicit photo of Harrod was sent from his cell phone to a group chat with his colleagues. *See* Dkt. 24-1. Harrod argued that those allegations were irrelevant to his pending motion. Dkt. 25 at 4–5.

Judge Creatura cited to Federal Rule of Criminal Procedure 59(a), which states that a party seeks review of a magistrate judge's holding on a nondispositive matter, the party "may serve and file objections to the order within 14 days after being served . . . . Failure to object in accordance with this rule waives a party's right to review." In this case, Harrod did not file objections to Judge Creatura's detention order and sought review of the order more than three months later. *See* Dkts. 16, 23. For that reason, Judge Creatura recommended the Court deny Harrod's motion for review of his detention order. Dkt. 26 at 3–4.

Harrod then filed a motion for reconsideration of Judge Creatura's R&R. Dkt. 27. First, Harrod argued that Rule 59 does not apply because it only applies to matters referred to the magistrate judge and when the magistrate judge issues a detention order pursuant to a statute. *Id.* at 3–9. For that proposition, he cited a Tenth Circuit case which concluded that Rule 59(a) "makes referral by a district judge an essential antecedent to the operation of its framework." *United States v. Doby*, 928 F.3d 1199, 1205 (10th Cir. 2019). Second, Harrod argued that the district court has discretion to hear the matter and that Judge Creatura's R&R did not address that discretion. *Id.* at 9–10. The Government agreed that the district court could exercise its discretion and evaluate Harrod's motion on the merits but argued that Harrod's motion still fails on the merits. Dkt. 31.

Judge Creatura denied Harrod's motion for reconsideration, distinguishing *Doby* by explaining that "in this District, Local Magistrate Judge Rule ("MJR") 3(b) resolves any ambiguity regarding this question by clearly incorporating Rule 59(a)'s 14-day time limit to *all* non-dispositive magistrate judge rulings in criminal cases, regardless of whether the magistrate judge is referred the matter by a district court judge." Dkt. 33 at 3 (emphasis in original). As Judge Creatura explained, MJR 3(b) states: "[o]bjections to the ruling of a magistrate judge in a non-dispositive pretrial matter are governed by . . . Fed. R. Crim. P. 59(a) in a criminal case." Moreover, MJR 12(c) states: "[a]ny ruling by a magistrate judge, which by law is reviewable by a district judge, but as to which no review procedure is otherwise prescribed, shall be subject to review upon a motion filed within fourteen days of the entry of the ruling."

1    Harrod objects to the R&R, again relying primarily on the Tenth Circuit's holding
2    in *Doby*. Dkt. 34. He also takes issue with Judge Creatura's reading of MJR 3(b), arguing
3    that when that rule is read in conjunction with MJR 3(a), it is clear that it only applies to
4    referred matters. *Id.* at 4. Moreover, he argues that if there is any ambiguity, the rule of
5    lenity supports reading the rules in favor of the defense. *Id.* As to MJR 12(c), Harrod
6    argues that the rule only applies to rulings which have no other proscribed procedure, and
7    that a detention review has proscribed procedure in § 3145(b). *Id.* at 4–5. Finally, Harrod
8    argues that the Court should exercise it discretion to review his detention order,
9    regardless of its holding on the applicability of Rule 59(a). *Id.* at 8–9. The Government
10   did not respond to Harrod's objections.
11   Harrod's objections are considered in turn.

## II.   DISCUSSION

13   The district judge must determine de novo any part of the magistrate judge's
14   disposition that has been properly objected to. The district judge may accept, reject, or
15   modify the recommended disposition; receive further evidence; or return the matter to the
16   magistrate judge with instructions. Fed. R. Crim. P. 59(b)(3).
17   The Court agrees with Judge Creatura that Local MJRs 3(b) and 12(c) remove any
18   ambiguity regarding the applicability of Federal Rule of Criminal Procedure 59(a). While
19   Rule 59(a) could be interpreted as not applying to non-referred matters when standing
20   alone, MJR 3(b) clarifies that, in this District, Rule 59(a) applies to *all* criminal non-
21   dispositive pretrial matters. The reference to referrals in MJR 3(a) does not change the
22   analysis. Moreover, the Court agrees with Judge Creatura that allowing such a motion to

be filed at any time would not be an efficient use of judicial resources and would largely defeat the purpose of the magistrate judge deciding such matters.

As to Harrod's repeated reliance on *Doby*, the Court again agrees with Judge Creatura that the case is inapplicable. First, it is an out-of-circuit case. Second, the Tenth Circuit's holding in *Doby* is not necessarily inconsistent with Judge Creatura's recommendation. *Doby* held that "the operation of Rule 59(a) is premised upon the referral of a matter to a magistrate judge by a district judge." 928 F.3d at 1207. The difference in this case is MJR 3(b) which expressly states that Rule 59(a) applies to criminal non-dispositive pretrial matters. MJR 3(b) is not hinged on referrals. There is no suggestion that the District of Kansas had any parallel local rule in *Doby*.

Harrod argues that applying the time limits in Rule 59(a) based on a local rule conflicts with the Fourth Circuit's holding in *CX Reinsurance Co. Ltd. v. Johnson*, 977 F.3d 306 (4th Cir. 2020). This out-of-circuit case is distinguishable. In *CX Reinsurance*, the District of Maryland had a local rule regarding attorneys' fees that used the exact same language as Federal Rule of Civil Procedure 54(d)(2)(B): "any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of the entry of judgment." While the federal rule had previously been interpreted to mean that the motion had to be filed within 14 days from the date of disposition of any post-judgment motion, the local rule was interpreted to mean that the motion had to be filed within 14 days of the original judgment. *CX Reinsurance*, 977 F.3d at 314. Because the district court's interpretation of the local rule denied the litigants rights conferred to them by the federal rules, the interpretation violated 28 U.S.C. § 2071(a), which requires that a district

court's local rules "be consistent with Acts of Congress and [the national] rules of practice and procedure."

In contrast, MJR 3(b) and MJR 12(c) are not inconsistent with the federal rules. While one circuit court held that Rule 59's 14-day time limit does not apply to non-referred matters, that interpretation is arguable. Moreover, even if the Tenth Circuit's holding in *Doby* is correct, that would simply mean there is no national time limit for filing motions for review of detention orders. A local rule prescribing the same time limit as is used nationally for referred criminal non-dispositive pretrial motions is not inconsistent with any federal rule.

Finally, Harrod argues that the Court should exercise its discretion to review his detention order, regardless of its holding on the applicability of Rule 59. Dkt. 34 at 8–9. The Court chooses not to exercise its discretion in this case. Judge Creatura's detention orders are well-reasoned and supported by the record, and the defense has not provided any persuasive argument that the Court should exercise its discretion in this case to consider the order continuing detention. Harrod is again reminded that

> [t]he hearing may be reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). That process is still open to Harrod, and if he believes there are grounds to reopen the hearing, he may apply to do so.

1  The Court having considered the R&R, Defendant's objections, and the remaining
2  record, does order as follows:

3  (1) The R&R is **ADOPTED**;

4  (2) Harrod's Motion for Review of Detention Order, Dkt. 23, is **DENIED**.

5  Dated this 18th day of January, 2022.

BENJAMIN H. SETTLE
United States District Judge