Judge Benjamin H. Settle

FILED ___ LODGED ___ RECEIVED
OCT 06 2023
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-5253 BHS |
| Plaintiff, | |
| v. | **PLEA AGREEMENT** |
| JOSHUA CARL HARROD, | |
| Defendant. | |

The United States, through Acting United States Attorney Tessa M. Gorman and Assistant United States Attorneys Kristine Foerster and Elyne Vaught of the Western District of Washington and Joshua Harrod and his attorneys John R. Carpenter and Elizabeth Sher enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11.

1. **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in an Information.

Plea Agreement - 1
United States v. Harrod, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

2. **The Charges**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the Information.

    *a.* Enticement of a Minor, as charged in Count 1, in violation of Title 18, United States Code, Section 2422(b).

    *b.* False Statement to a Government Agency, as charged in Count 2, in violation of Title 18, United States Code, Section 1001(a).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

    *a.* The elements of Enticement of a Minor, as charged in Count 1, are as follows:

    *First*, within the special maritime and territorial jurisdiction of the United States, the defendant persuaded, induced, enticed, or coerced an individual to engage in any sexual activity for which someone could be charged with an offense; and

    *Second*, the person he persuaded, induced, enticed, or coerced was under the age of 18.

    *b.* The elements of False Statement to a Government Agency, as charged in Count 2, are as follows:

    *First*, the defendant made a false statement, or used a writing that contained a false statement;

    *Second*, the statement or writing was made in a matter within the jurisdiction of the FBI;

Plea Agreement - 2
*United States v. Harrod*, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800

*Third*, the defendant acted willfully; that is the defendant acted deliberately and with knowledge both that the statement was untrue and that his conduct was unlawful; and

*Fourth*, the statement or writing were material to the activities and decisions of the FBI; that is, they had a natural tendency to influence, or were capable of influencing, the agency's decisions or activities.

4. **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

   *a.* For the offense of Enticement of a Minor, as charged in Count 1: a mandatory minimum term of imprisonment of ten years and a maximum term of life, a fine of up to $250,000, a period of supervision following release from prison of not less than five years and up to life, a mandatory special assessment of $100, and a penalty assessment of $5,000 unless defendant is indigent.

   *b.* For the offense of False Statement to a Government Agency, as charged in Count 2 [TLF]: a maximum term of imprisonment of up to eight years with no mandatory minimum, a fine of up to $250,000, a period of supervision following release from prison of not less than three years and up to life, and a mandatory special assessment of $100.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 3
*United States v. Harrod*, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

6. **Rights Waived by Pleading Guilty**. Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a.   The right to plead not guilty and to persist in a plea of not guilty;

Plea Agreement - 4
*United States v. Harrod*, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

  b. The right to a speedy and public trial before a jury of Defendant's peers;

  c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

  d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

  e. The right to confront and cross-examine witnesses against Defendant at trial;

  f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

7. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to

Plea Agreement - 5
*United States v. Harrod*, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800

avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    *a.*    The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    *b.*    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    *c.*    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    *d.*    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8.    **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.    **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

    *a.*    Joshua Carl Harrod lived in a trailer in Holiday Park from 2017 through 2018. Holiday Park is on Joint Base Lewis McChord (JBLM), which is the exclusive special maritime and territorial jurisdiction of the United States. Harrod is a former Special Agent within the United States Air Force, Office of Special Investigations. He was separated from the U.S. Air Force in 2018 and prior to his arrest he served in the Army National Guard as a Recruiter.

    *b.*    From October 2017 through January 2018, Minor Victim (MV) visited Harrod at this trailer on JBLM on weekends. MV was 7 to 8 years old during this time frame. Harrod was not married to MV.

Plea Agreement - 6
*United States v. Harrod*, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

   c. When MV visited Harrod on JBLM during that time frame, Harrod showed MV pornography on his phone. Harrod did this with the intent to desensitize MV to sexual activity including oral, anal, and digital penetration.

   d. Harrod knowingly persuaded, induced, and coerced MV to engage in sexual acts, including causing MV to touch Harrod's penis, and Harrod did so with the intent to gratify his sexual desires. This occurred between October 1, 2017, and January 1, 2018, in Holiday Park on JBLM.

   e. The Federal Bureau of Investigation (FBI) opened an investigation into Harrod's sexual abuse of MV in November 2020. Specifically, the FBI was investigating Harrod for aggravated sexual abuse of a minor under the age of 12 in violation of Title 18, United States Code, Sections 2241(c), 2246(2)(A)-(C), and 7.

   f. On May 28, 2021, Harrod sent an email to his family law attorney with a screenshot of a text message that Harrod claimed was sent to his personal cell phone from MV's mother. The text message read:

> "I don't know why you keep fighting me I'll have [MV] say what ever it takes for you to never be able to see the girls ever again."

Harrod's attorney then forwarded the message to the guardian ad litem in the family law case.

   g. MV's mother denied sending the message. On June 7, 2021, she went to Island County Sheriff's Department and voluntarily provided her phone to be forensically imaged. Agents conducted an initial review of her Apple iMessages and did not find evidence that she sent the text message.

   h. On June 17, 2021, Harrod met with FBI agents to discuss the text message and the investigation described above. Harrod was told prior to the meeting that agents would like to view the text message on his personal cell phone.

   i. Upon arriving, and after waiving his right to counsel, Harrod informed the agents that he threw his phone and broke it the night before. Harrod also

Plea Agreement - 7
United States v. Harrod, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800

said that he threw the phone away at Lakewood Recruiting Station, where he worked. These statements were false and material to the FBI's investigation.

       *j.*     Harrod then provided the agents with a physical, printed copy of the text message, along with a copy of what he claimed was his monthly phone bill. The bill reflected that on the date and time of the text message described above, Harrod's personal cell phone received a text message from MV's mother's phone number. Harrod falsified this document to reflect that the text message came from MV's mother, when in fact Harrod had sent the text message to himself from his work phone. This phone bill was false and material to the FBI's investigation.

       *k.*     Pursuant to a search warrant, agents found Harrod's personal cell phone in his vehicle, unbroken. Analysis of that phone revealed that Harrod sent himself the text message from his work cell phone. Harrod fabricated the text message, and the phone bill, to obstruct the FBI's investigation of him for aggravated sexual abuse of a minor.

       *l.*     Harrod made these false statements and used a writing (the cell phone bill) that contained a false statement deliberately and with knowledge that the statements were untrue and that his conduct was unlawful.

       *m.*     These false statements and the false writing were material to the activities and decisions of the FBI.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing. Defendant understands that the government will produce additional facts as relevant conduct at the time of sentencing.

Plea Agreement - 8
*United States v. Harrod*, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800

10. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

    *a.*    The base offense level is 38, pursuant to U.S.S.G. § 2A3.1(a)(1); and

    *b.*    There is a two-level increase pursuant to USSG § 2A3.1(b)(3)(A), because the offense involves a victim under Defendant's custody and care.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11. **Acceptance of Responsibility**. At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Agreed Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of 120 months followed by lifetime supervised release. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the

Plea Agreement - 9
*United States v. Harrod*, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800

Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Restitution.** Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this Plea Agreement, Defendant agrees that restitution in this case should not be limited to the offenses of conviction. Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of Defendant's guilty pleas to include those losses resulting from crimes not charged or admitted by Defendant in the Statement of Facts including additional sexual abuse of MV. In exchange for the promises by the United States contained in this Plea Agreement, Defendant agrees that Defendant will be responsible for any order by the District Court requiring the payment of restitution for such losses.

    *a.*    The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that the defendant is unable to make immediate restitution.

    *b.*    Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial

Plea Agreement - 10
*United States v. Harrod*, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800

obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

        c.       The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a). In addition, in any event, the government will consider Defendant's cooperation regarding restitution in making its sentencing recommendation.

        14.    **Forfeiture of Assets**. Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, that constitutes or is derived from proceeds of his commission of

Plea Agreement - 11
*United States v. Harrod*, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

Enticement of a Minor, as charged in Count 1, as well as any property used or intended to be used to commit or facilitate this offense. All such property is forfeitable pursuant to Title 18, United States Code, Section 2428(a).

The United States reserves its right to proceed against any property, not identified in this Plea Agreement, including any property in which Defendant has any interest or control, if that property constitutes or is derived from proceeds of his commission of, or was used or intended to be used to commit or facilitate, the above offense.

15. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

16. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the Superseding Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

Plea Agreement - 12
*United States v. Harrod*, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

17. **Breach, Waiver, and Post-Plea Conduct**. Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18. **Waiver of Appellate Rights and Rights to Collateral Attacks**. Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory

Plea Agreement - 13
*United States v. Harrod*, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800

mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    *a.*    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    *b.*    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19.   **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

20.   **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

Plea Agreement - 14
*United States v. Harrod*, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800

21. **Completeness of Plea Agreement**. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6th day of October, 2023.

JOSHUA CARL HARROD
Defendant

JOHN R. CARPENTER
Attorney for Defendant

ELIZABETH SHER
Attorney for Defendant

MARCI L. ELLSWORTH
Assistant United States Attorney

KRISTINE FOERSTER
Assistant United States Attorney

ELYNE VAUGHT
Assistant United States Attorney

Plea Agreement - 15
United States v. Harrod, CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253-428-3800