The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JOSHUA CARL HARROD, <br> Defendant. | NO. CR21-5253 BHS <br><br> UNITED STATES' SENTENCING MEMORANDUM |

Defendant Joshua Harrod stands convicted of enticement of a minor for sexually assaulting a child, MV, while Harrod lived in a trailer on Joint Base Lewis McChord (JBLM), and making a false statement to the FBI for the text message and records he fabricated to try to cover his crimes.

The United States respectfully recommends the Court impose a custodial sentence of 120 months, to be followed by a lifetime term of supervised release, order restitution in an amount to be determined later, impose a mandatory fee of $200 and impose a $5,000 fee under the Justice for Victims of Trafficking Act. Harrod appears before this court for sentencing in the above-captioned case pursuant to his guilty plea on October 6, 2023, to enticement of a minor in violation of Title 18, United States Code, Sections

United States' Sentencing Memorandum - 1
United States v. Harrod/CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

2241(c), 2246(2)(A)-(C), and 7, and making a false statement to a government agency in violation of Title 18, United States Code, Section 1001(a).

## I.     BACKGROUND

### A.     Offense Conduct

Harrod lived in a trailer in Holiday Park on Joint Base Lewis McChord (JBLM) from 2017 through 2018. Harrod is a former Special Agent within the United States Air Force, Office of Special Investigations. He was separated from the United States Air Force in 2018 and prior to his arrest he served in the Army National Guard as a Recruiter. PSR ¶ 8. From October 2017 through January 2018, Minor Victim (MV) visited Harrod at this trailer on JBLM on weekends. MV was 7 to 8 years old during this time frame. PSR ¶ 9.

When MV visited Harrod on JBLM during that time frame, Harrod sexually abused MV, who was in his custody and care. Harrod knowingly persuaded, induced, and coerced MV to engage in sexual acts, including causing MV to touch Mr. Harrod's penis. Harrod also penetrated MV digitally, orally, with his penis. The penetration began approximately one month after MV began visiting Mr. Harrod without supervision. PSR ¶ 11. Harrod also showed MV pornography on his phone. Mr. Harrod did this with the intent to desensitize MV to sexual activity including oral, anal, and digital penetration. PSR ¶ 10. Harrod threatened MV that there would be consequences if she told anyone about what was occurring, and he threatened to kill her mother if anyone found out. MV also reported that Harrod hit her on her arms causing bruising that she had to hide under long sleeved shirts. PSR ¶ 19.

The specific instances of abuse are described further in the PSR at paragraphs 12-18, and in the forensic interviews of MV previously filed with the Court (dkt. 62).

On May 28, 2021, after the FBI had begun investigating the case, Harrod sent an email to his family law attorney with a screenshot of a text message Harrod claimed was sent to his personal cell phone from MV's mother. The text message read: "I don't know

United States' Sentencing Memorandum - 2
United States v. Harrod/CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

why you keep fighting me I'll have [MV] say whatever it takes for you to never be able to see the girls ever again." PSR ¶ 20. Harrod's attorney then forwarded the message to the guardian ad litem in the family law case. PSR ¶ 21. MV's mother did not send this message; instead Harrod fabricated it by sending himself the message from his work phone, and altering the contact information in his phone to make it appear it came from MV's mother.

On June 17, 2021, Harrod met with FBI agents to discuss the text message and the investigation into his sexual assaults of MV. Harrod was told prior to the meeting that agents would like to view the text message on his personal cell phone. PSR ¶ 23. Upon arriving, and after waiving his right to counsel, Harrod told the agents he threw his phone and broke it, the night before. He also said he threw the phone away at Lakewood Recruiting Station, where he worked. These statements were false and material to the FBI's investigation. PSR ¶ 24.

Mr. Harrod then provided the agents with a physical, printed copy of the text message, along with a copy of what he claimed was his monthly phone bill. The bill reflected that on the date and time of the text message described above, his personal cell phone received a text message from MV's mother's phone number. Agents then executed a search warrant on Harrod's car and found the cell phone unbroken. Through forensic analysis the FBI confirmed that the text message at issue came from Harrod's work phone, not MV's mother. Harrod falsified the text message and the cell phone records to reflect the text message came from MV's mother, when in fact he had sent the text message to himself. This phone bill was also false and material to the FBI's investigation. PSR ¶ 25.

**B.     Procedural History**

Harrod was charged by indictment on July 14, 2021 with five counts of aggravated sexual abuse of a child under the age of 12 in violation of 18 U.S.C. §§ 2241(c), 246(2)(A)-(C), and 7. (dkt. 1). On September 27, 2023, the grand jury returned a

United States' Sentencing Memorandum - 3
*United States v. Harrod*/CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

superseding indictment additionally charging Harrod with one count of falsification of records in a federal investigation and one count of false statement to a government agency (dkt. 51). On October 4, 2023, a two-count Information charged Mr. Harrod with enticement of a minor and false statement to a government agency. On October 6, 2023, Harrod pled guilty as charged, pursuant to a Rule 11(c)(1)(B) Plea Agreement. (dkt. 70-75). The parties have agreed to recommend 120 months of confinement with lifetime supervision. Probation recommends 180 months of confinement with lifetime supervision.

## II. SENTENCING GUIDELINES CALCULATIONS

All sentencing proceedings must begin with a correct calculation of the applicable Guidelines—the starting point and initial benchmark, which a court must keep in mind throughout the sentencing process. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc). A within-Guidelines sentence "will usually be reasonable." *Rita v. United States*, 551 U.S. 338, 351 (2007). If a court determines that a sentence outside the Guidelines is warranted, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Carty*, 520 F.3d at 991 (citation and quotation marks omitted).

The PSR correctly calculates the applicable Guidelines range as 210 months to 262 months. PSR ¶ 97. The parties and U.S. Probation agree that the Base Offense Level is 28 (USSG § 2G1.3(a)(3)) with a 2-level enhancement because the victim was in the custody, care, or supervisory control of the defendant (USSG § 2A3.1(b)(3)), and another 2-level enhancement because the offense involved the commission of a sex act or sexual contact (USSG §2G1.3(b)(4)(A)(i)). PSR ¶ 36-38. Because USSG § 2G1.3(a)(3) applies, and the offense involved a minor who had not attained the age of 12 years, an 8-level increase is also applied (USSG §2G1.3(b)(5)), bringing Harrod's Adjusted Offense Level to 40. PSR

United States' Sentencing Memorandum - 4
*United States v. Harrod*/CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

¶ 39,43.[1] After the 3-level reduction for acceptance of responsibility under USSG § 3E1.1, Harrod's resulting Total Offense Level would be 37. PSR ¶ 58. Because Harrod's criminal history category is I, his range is 210 months to 262 months. PSR ¶ 61, 97. Count 1 carries a mandatory minimum sentence of 120 months in confinement.

### III.   FACTORS RELATED TO SENTENCING RECOMMENDATION

The United States respectfully requests that the Court sentence the defendant to the mandatory minimum sentence of 120 months of confinement, followed by a lifetime term of supervised release. In making this recommendation, the government has balanced Harrod's personal characteristics, to include his lack of criminal history, with the egregious nature of the crime, the risks at trial, and the impact of a trial on the parties in this case, along with the other factors under 18 U.S.C. §§ 3553.

The United States believes this sentence, and the agreement to lifetime supervision, addresses the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(C).

//
//
//

---

[1] This is the same adjusted offense level that the parties agreed to in the plea agreement, though it is reached through a different series of sentencing guidelines. The parties have all discussed the issue, and agree that this is the correct method of calculation and correct Adjusted Offense Level.

United States' Sentencing Memorandum - 5
United States v. Harrod/CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800

## IV.  CONCLUSION

For all of the reasons set forth above, the governments respectfully recommends that the Court impose a custodial sentence of 120 months, to be followed by a lifetime term of supervised release, order restitution in an amount to be determined later, impose a mandatory fee of $200, and a mandatory fee is $5,000.

DATED this 29th day of December, 2023.

Respectfully submitted,

TESSA M. GORMAN
Acting United States Attorney

*s/ Kristine L. Foerster*
KRISTINE L. FOERSTER
ELYNE VAUGHT
Assistant United States Attorneys
United States Attorney's Office
1201 Pacific Avenue, Suite 700
Tacoma, WA 98402
Telephone: (253) 428-3800
Fax: (253) 428-3836
E-mail: Kristine.Foerster@usdoj.gov
E-Mail: Elyne.Vaught@usdoj.gov

United States' Sentencing Memorandum - 6
United States v. Harrod/CR21-5253 BHS

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
253- 428-3800